E-FILED
Wednesday, 26 May, 2010 04:03:48 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RASHANN GRIER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 09-1140 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# O R D E R

This matter is now before the Court on Petitioner, Rashann Grier's ("Grier"), Application for Certificate of Appealability from the denial of his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court declines to issue a Certificate of Appealability.

### DISCUSSION

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255 now requires a certificate of appealability prior to the pursuit of an appeal. A certificate may only issue if the applicant makes a substantial showing of the denial of a constitutional right, and any certificate issued must specify what claim(s) merit appellate review.

In denying his § 2255 motion, the Court noted that Grier failed to establish that counsel was ineffective in failing to object to inaccuracies in the presentence report and inducing him to enter a guilty plea based on a false promise. A review of the record confirmed that counsel did in fact raise appropriate objections to the drug quantity and

enhancement for role in the offense and supported these objections with argument at sentencing. His second claim that he was induced to enter a guilty plea based on false promises was also belied by the record. In light of Grier's admitted understanding of the situation/possible penalties and affirmative statements during the plea colloquy, including the denial that he was made promises or otherwise induced to plead guilty, the record revealed that his guilty plea was made with full knowledge of its consequences. As a result, the Court found that his current protestations fell short of establishing that his counsel's advice was a decisive factor in his decision to enter a guilty plea rather than go to trial. Julian v. Bartley, 495 F.3d 487, 498 (7th Cir. 2007); United States v. Martinez, 169 F.3d 1049, 1053 (7th Cir. 1999). Having failed to establish a viable claim for ineffective assistance of counsel, Grier's § 2255 motion was denied.

Given that he has presented no claims that could be debatable among jurists of reason, Grier has failed to make a substantial showing of the denial of a constitutional right. Having found no issue in this proceeding which warrants appellate review, this Court cannot in good faith issue a certificate of appealability for his § 2255 motion.

## CONCLUSION

For the reasons set forth herein, the Court declines to issue a certificate of appealability, and Grier's Application for Issuance of a Certificate of Appealability [#12] is DENIED.

ENTERED this 26th day of May, 2010.

                                              s/ Michael M. Mihm  
                                              Michael M. Mihm  
                                              United States District Judge